1  James A. Dumas (SBN 76284)
2  Christian T. Kim (SBN 231017)
   DUMAS & KIM, APC
3  3435 Wilshire Blvd., Ste. 990
   Los Angeles, CA 90010
4  Telephone: 213/368-5000
   Facsimile: 213/368-5009
5  Email: jdumas@dumas-law.com

6  Attorneys for the Chapter 7 Trustee,
   Rosendo Gonzales

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11  In re:                              Case No.: 2:19-bk-10552-NB

12  ATTITUDE MARKETING, INC.,           Jointly Administered with
                                        Case No.: 2:16-bk-21559-NB which is
13              Debtors.                substantively consolidated with
                                        Case No.: 2:17-bk-11588-NB
14  _____

15  ROSENDO GONZALEZ, Chapter 7 Trustee,  Adversary No.: 2:20-ap-01147-NB

16              Plaintiff,              [Honorable Neil W. Bason]

17          vs.                         PROOF OF SERVICE TO SUMMONS AND
                                        NOTICE OF STATUS CONFERENCE IN
18  DAVID MACMILLAN, an individual, and ADVERSARY PROCEEDING [LBR 7004-1]
    CYNTHIA BARRET MARTIN,              AND CHAPTER 7 TRUSTEE'S
19                                      COMPLAINT FOR:
                                        1. ACTUAL FRAUDULENT TRANSFER
20              Defendants.             [BANKRUPTCY CODE §548(1)(a); CAL.
                                        CIV. CODE §3439.04(A)(1)]
21                                      2. CONSTRUCTIVE FRAUDULENT
                                        TRANSFER [BANKRUPTCY CODE
22                                      §548(1)(b); CAL. CIV. CODE
                                        §§ 3439.04(B)(2) AND 3439.05]
23                                      3. TO RECOVER SHAREHOLDER LOANS
                                        4. FOR MONEY HAD AND RECEIVED
24                                      5. TO AVOID PREFERENTIAL
                                        PAYMENTS (11. U.S.C. §547)
25

26

27

28

                                    1

| In re:  ATTITUDE MARKETING, INC.<br>Gonzalez v. Macmillan & Martin<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NUMBER: 2:19-bk-10552-NB<br>ADV. CASE NUMBER: 2:20-ap-01147-NB |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 3435 Wilshire Blvd., Ste. 990, Los Angeles, CA 90010.

A true and correct copy of the foregoing document entitled (*specify*):**Complaint, Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **_July 2, 2020_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

James A Dumas    jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **_July 2, 2020_**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

David MacMillan
201 Spindrift Drive
Rancho Palos Verdes, CA 90275

Cynthia B. Martin
201 Spindrift Drive
Rancho Palos Verdes, CA 90275

Robert S Altagen
Law Offices of Robert S Altagen
1111 Corporate Ctr Dr #201
Monterey Park, CA 91754

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_July 2, 2020_**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _July 2, 2020_ | Danielle M. Landeros | */s/ Danielle M. Landeros* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James A Dumas Jr<br>Dumas & Kim, APC<br>3435 Wilshire Blvd Ste 990<br>Los Angeles, CA 90010<br><br>213–368–5000<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br><br>Attitude Marketing, Inc.<br><br><br><br>Debtor(s). | CASE NO.: 2:19–bk–10552–NB<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:20–ap–01147–NB |
|---|---|
| Rosendo Gonzalez<br><br>Plaintiff(s)<br>Versus<br>David MacMillan<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **07/31/2020.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **September 1, 2020** |
| **Time:** | **11:00 AM** |
| **Hearing Judge:** | **Neil W. Bason** |
| **Location:** | **255 E Temple St., Crtrm 1545, Los Angeles, CA 90012** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: July 1, 2020

By: _____ "s/" Sharon E. Sumlin _____

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Rosendo Gonzalez | David MacMillan<br>Cynthia Barrett Martin |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
*Date*                     *Printed Name*                          *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004–1.SUMMONS.ADV.PROC**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>ROSENDO GONZALEZ, Chapter 7 Trustee, | DEFENDANTS<br><br>DAVID MACMILLAN, an individual, and<br>CYNTHIA BARRET MARTIN, |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>James A. Dumas (SBN 76284)<br>DUMAS & KIM, APC<br>3435 Wilshire Blvd., Ste. 990<br>Los Angeles, CA 90010<br>Telephone: 213/368-5000 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☒ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

      1. ACTUAL FRAUDULENT TRANSFER [BANKRUPTCY CODE §548(1)(a); CAL. CIV. CODE §3439.04(A)(1)]
      2. CONSTRUCTIVE FRAUDULENT TRANSFER [BANKRUPTCY CODE §548(1)(b); CAL. CIV. CODE
      §§ 3439.04(B)(2) AND 3439.05] 3. TO RECOVER SHAREHOLDER LOANS 4. FOR MONEY HAD AND RECEIVED
      5. TO AVOID PREFERENTIAL PAYMENTS (11. U.S.C. §547)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
☑ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ According to Proof |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Attitude Marketing, Inc. | BANKRUPTCY CASE NO.<br>2:19-bk-21559-NB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Neil W. Bason |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*James A. Dumas* | | |
| DATE<br><br>June 30, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>James A. Dumas | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC
3435 Wilshire Blvd., Ste. 990
Los Angeles, CA 90010
Telephone: 213/368-5000
Facsimile: 213/368-5009
Email: jdumas@dumas-law.com

Attorneys for the Chapter 7
Trustee, Rosendo Gonzalez

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ATTITUDE MARKETING, INC.,<br><br>Debtors.<br><hr><br>ROSENDO GONZALEZ, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MACMILLAN, an individual, and<br>CYNTHIA BARRET MARTIN,<br><br>Defendants. | Case No.: 2:19-bk-10552-NB<br><br>Jointly Administered with<br>Case No.: 2:16-bk-21559-NB which is<br>substantively consolidated with<br>Case No.: 2:17-bk-11588-NB<br><br>Adversary No.:<br><br>[Honorable Neil W. Bason]<br><br>**CHAPTER 7 TRUSTEE'S COMPLAINT FOR:**<br><br>**1. ACTUAL FRAUDULENT TRANSFER [BANKRUPTCY CODE §548(1)(a); CAL. CIV. CODE §3439.04(A)(1)]**<br>**2. CONSTRUCTIVE FRAUDULENT TRANSFER [BANKRUPTCY CODE §548(1)(b); CAL. CIV. CODE §§ 3439.04(B)(2) AND 3439.05]**<br>**3. TO RECOVER SHAREHOLDER LOANS**<br>**4. FOR MONEY HAD AND RECEIVED**<br>**5. TO AVOID PREFERENTIAL PAYMENTS (11. U.S.C. §547)** |

     COMES NOW, Plaintiff and Chapter 7 Trustee Rosendo Gonzalez ("Trustee" or "Plaintiff"),

as and for his Complaint herein, complains and alleges as follows:

**COMPLAINT FOR FRAUDULENT TRANSFER, PREFERENCES, SHAREHOLDER LOANS**

# I.   **THE PARTIES AND JURISDICTION**

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and this is a core proceeding under 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), or 157(b)(2)(E).  In the event this proceeding is determined to include non-core claims for relief, the Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court as to any such claims.  Venue in the Central District of California, Los Angeles Division (the "Bankruptcy Court"), is proper pursuant to 28 U.S.C. § 1409 in that this adversary proceeding is related to the bankruptcy case of Attitude Marketing, Inc. bearing case number 2:19-bk-10552-NB, which is being jointly administered with the case of David Macmillan bearing case number 2:16-bk-21559-NB (the "Macmillan Case"), which has been substantively consolidated with the case of Cynthia B. Martin, Case No.: 2:17-bk-11588-NB. The consolidated and jointly administered cases are presently pending under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 because this is a civil proceeding arising in and/or related to the debtor, Attitude Marketing, Inc., and its Chapter 7 case.

2.      Plaintiff Rosendo Gonzalez is the duly appointed and acting Chapter 7 bankruptcy trustee ("Plaintiff" or "Trustee") for the estate of Attitude Marketing, Inc. ("Debtor" or "Attitude Marketing").

3.      Defendant David Macmillan ("Macmillan") is an individual, a debtor in the consolidated Macmillan Case, and the spouse of defendant Cynthia Barrett Martin ("Martin"). The Macmillan Case was filed as a Chapter 13 on September 25, 2016 and converted to Chapter 7 on April 12, 2017. Rosendo Gonzalez was thereafter appointed Chapter 7 trustee.

4.      Defendant Martin is an individual, a debtor in the consolidated Macmillan Case, and the spouse of Macmillan.

2

**COMPLAINT FOR FRAUDULENT TRANSFER, PREFERENCES, SHAREHOLDER LOANS**

5.      The Trustee caused Debtor Attitude Marketing, Inc. ("AMI") to file the within Chapter 7 bankruptcy on January 18, 2019. At all times relevant, the sole shareholder or shareholders of AMI have been Macmillan alone or both Macmillan and Martin. In any event, AMI was community property of their marriage and both were officers of the corporation. The Court entered an order on February 12, 2019 granting the Trustee's motion for the case to be jointly administered with the substantively consolidated Macmillan Case.

## II.    FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6.      For several years prior to 2011 Defendants Macmillan and Martin, through various entities, owned and operated a business which specialized in assisting consumers avoid legal obligations to pay ongoing fees and expenses on timeshare properties which they no longer desired to own. At its height the business employed a large staff at a Macmillan and Martin-owned building in Torrance, California, as well as a marketing staff scattered throughout the country.

7.      At the center of the Macmillan/Martin enterprise was a "mother ship" into which the revenue of the various entities flowed and where their most significant assets were held. Initially, this "mother ship" was a corporation established in May, 2005, known variously as "Timeshare Relief, Inc.", "Aston Marketing Group, Inc." and even "Aston Marketing Group/Timeshare Relief, Inc." before it reverted to its original name, "Timeshare Relief, Inc." in 2007. By 2011, and at a point when the Macmillan and Martin companies were already saddled with substantial litigation and accumulating liabilities, use of AMG/Timeshare Relief no longer put enough distance between the locus of the Macmillan/Martin operations and business assets and the parties suing them. In that year, and at a point when Macmillan and Martin operated through so many entities that the creation of still another one would not alert creditors, they created the within debtor, AMI. Suddenly but quietly, Timeshare Relief ceased to operate, and all of its assets were transferred to AMI. In 2011, 2012, and 2013, AMI had an aggregate of $145,401,254 in gross revenue. Timeshare Relief was already being wound down in 2010 when its income was only $12,858,098. For 2011 and thereafter, its annual income was zero.

COMPLAINT FOR FRAUDULENT TRANSFER, PREFERENCES, SHAREHOLDER LOANS

8.      In the period after the transfer of the assets and revenue flow from the business to AMI, the Macmillan, Martin, Timeshare Relief, and many of their other controlled entities were the subject of many lawsuits, regulatory proceedings, and other claims with respect to the ongoing operations of the business which were now centralized with AMI. As such, all such claims were necessarily against AMI and the lawsuits and regulatory proceedings against Macmillan, Martin, Timeshare Relief, and the other Macmillan/Martin entities should have been against them. However, creditors and regulators were unaware of AMI and did not bring proceedings against it. Had they known of its central role in the Macmillan/Martin enterprise and its usurpation of the role of Timeshare Relief, and had they understood that it was the entity through which the revenue of the Macmillan/Martin businesses flowed, they would have brought lawsuits and administrative proceedings against it. As a consequence of these liabilities to the creditors and regulatory agencies who were pursuing Macmillan, Martin, and their various entities, AMI was at all times since it supplanted Timeshare Relief an entity whose liabilities far exceeded the value of its assets.

9.      At all times relevant, Macmillan was the sole officer of AMI and he and Martin were employees of the company. Substantially all of the revenue that flowed to them from their timeshare relief business reached them in the form of salary from AMI and other disbursements to them or on their behalf by the company.

10.      In or about 2013, due to litigation against them and the pressure of other liabilities, Macmillan and Martin altered the business model for the timeshare relief business. They transferred AMI's assets to a new entity, Aston Business Solutions, Inc. ("ABS"), ostensibly owned first by Martin's daughter, Erica Martin, and later by Erica Martin's husband, Glenn Chaffin. ABS replaced AMI as the recipient of the revenue ABS and in 2014, its first year operation, it grossed $9,267,409, more than four times AMI's revenue. Substantially all of the revenue of AMI came from ABS and consisted of its profits. AMI was kept alive to provide administration for ABS and the other entities in the enterprise, administering payroll and otherwise serving as an umbrella company to the other Macmillan/Martin entities.

11.      Macmillan and Martin had a practice of causing AMI to pay their personal expenses, such as the legal fees for themselves and their other entities, the expenses of their residence,

including utilities, insurance, gardening, and house-cleaning, their automobile expenses, credit card bills, restaurant bills, and wine purchases. These payments were then booked as alleged expenses of the company, as opposed to income or loans to them personally. Specifically, in the period from the filing of the Macmillan Case on September 25, 2016 until the filing of the AMI case on January 8, 2019, at least $200,000 in such expenses were paid by AMI. No part of these expenses were legitimate expenses of AMI and their payment by the company effectively constituted shareholder loans. No part of these shareholder loans have been repaid.

12.     In addition to their salaries, in the period from the filing of the Macmillan bankruptcy on September 25, 2016 until the January 18, 2019 filing of the AMI bankruptcy filing, Macmillan and Martin caused the debtor to make various payments directly to themselves. These payments were denominated "bonuses," "consulting fees," and "equity shares." Assuming *arguendo* that they were bonuses to employees, they were necessarily on account of antecedent debts and out of the ordinary course of business.

### III.     FIRST CLAIM FOR RELIEF ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFER

#### (Bankruptcy Code Section 548(a)(1))

#### (Against Defendants Macmillan and Martin)

13.     Plaintiff refers to the allegations set forth in paragraph 1 through 12 hereof and incorporates said allegations herein as if fully set forth hereat.

14.     Within two years of the bankruptcy filing, Macmillan and Martin caused the debtor to make payments to them and to pay expenses on their behalf with the actual intent to hinder, delay, and defraud the debtor's creditors.

15.     The debtor received less than equivalent value for said payments, was insolvent when they were made, and was engaged in a business and in transactions for which the property remaining was unreasonably small capital.

16.      The payments were made to or for the benefit of insiders, i.e., Macmillan and Martin.

17.    The Trustee is entitled to a judgment which avoids these transfer payments and is a money judgment against Macmillan and Martin in an amount according to proof but in the minimum sum of $200,000.

## IV.    SECOND CLAIM FOR RELIEF

### ACTUAL FRAUDULENT TRANSFER

#### (California Civil Code §§3439.04(a)(1)

#### (Against Defendants Macmillan and Martin)

18.    Plaintiff refers to the allegations set forth in paragraph 1 through 12 hereof and incorporates said allegations herein as if fully set forth hereat.

19.    In the period from the Macmillan bankruptcy filing on September 25, 2016, until the AMI bankruptcy filing on January 18, 2019, Macmillan and Martin caused the debtor to make payments to them and to pay expenses on their behalf with the actual intent to hinder, delay, and defraud the debtor's creditors.

20.    The Trustee is entitled to a judgment which avoids these transfer payments and is a money judgment against Macmillan and Martin in an amount according to proof but in the minimum sum of $200,000.

## V.    THIRD CLAIM FOR RELIEF

### CONSTRUCTIVE FRAUDULENT TRANSFER

#### (California Code of Civil Procedure Sections 3439.04(a)(2) and 3439.05)

#### (Against Defendants Macmillan and Martin)

21.    Plaintiff refers to the allegations set forth in paragraph 12 through hereof and incorporates said allegations herein as if fully set forth hereat.

22.    In the period from the Macmillan bankruptcy filing on September 25, 2016, until the AMI bankruptcy filing on January 18, 2019, Macmillan and Martin caused the debtor to make payments to them and to pay expenses on their behalf.

COMPLAINT FOR FRAUDULENT TRANSFER, PREFERENCES, SHAREHOLDER LOANS

23.     The debtor received less than equivalent value for said payments. At the time that the payments were made it was insolvent; it was engaged in a business and in transactions for which the property remaining was unreasonably small capital; and Macmillan and Martin should have known that the debtor had incurred and would continue to incur debts beyond its ability to pay as they became due.

24.     The Trustee is entitled to a judgment which avoids these transfer payments and is a money judgment against Macmillan and Martin in an amount according to proof but in the minimum sum of $200,000.

## VI.    FOURTH CLAIM FOR RELIEF

### FOR RECOVERY OF SHAREHOLDER LOANS

**(Against Defendants Macmillan and Martin)**

25.     Plaintiff refers to the allegations set forth in paragraph 1 through 12 hereof and incorporates said allegations herein as if fully set forth hereat.

26.     In the period from the Macmillan bankruptcy filing on September 25, 2016, until the AMI bankruptcy filing on January 18, 2019, Macmillan and Martin caused the debtor to make payments to them and to pay expenses on their behalf which were treated neither as declared dividends to them as shareholders nor payments to them of compensation for their services but rather as expenses, "bonuses", "consulting fees," and other expenses of the corporation.

27.     As such, the payments were unacknowledged but *de facto* shareholder loans for which the debtor, upon demand, was entitled to receive repayment.

28.     No part of said loans have been repaid.

29.     The Trustee is entitled to obtain repayment of these loans and a judgment against Macmillan and Martin on account of them in an amount according to proof but in the minimum sum of $200,000.

## VII.    FIFTH CLAIM FOR RELIEF

### FOR MONEY HAD AND RECEIVED

**(Against Defendants Macmillan and Martin)**

COMPLAINT FOR FRAUDULENT TRANSFER, PREFERENCES, SHAREHOLDER LOANS

30.     Plaintiff refers to the allegations set forth in paragraph 1 through 12 hereof and incorporates said allegations herein as if fully set forth hereat.

31.     In the period from the Macmillan bankruptcy filing on September 25, 2016, until the AMI bankruptcy filing on January 18, 2019, Macmillan and Martin caused the debtor to make payments to them and to pay expenses on their behalf which were treated neither as declared dividends to them as shareholders nor payments to them of compensation for their services but rather as expenses, "bonuses", "consulting fees" and other expenses of the corporation.

32.     As such, Macmillan and Martin received funds that should have been used for the benefit of the debtor and its creditors.

33.     No part of said funds have been repaid.

34.     In equity and good conscience, the Trustee is entitled to obtain repayment of these funds and a judgment against Macmillan and Martin on account of them in an amount according to proof but in the minimum sum of $200,000.

## VIII.   SIXTH CLAIM FOR RELIEF
### FOR AVOIDANCE OF PREFERENTIAL PAYMENTS
### (Bankruptcy Code Section 547)
### (Against Defendants Macmillan and Martin)

35.     Plaintiff refers to the allegations set forth in paragraph 1 through 12 hereof and incorporates said allegations herein as if fully set forth hereat.

36.     Macmillan and Martin were insiders of the debtor.

37.     In the year preceding the bankruptcy filing, Macmillan and Martin caused the debtor to make payments to them and to pay expenses on their behalf which were not regular payments of salary to them in their capacities as employees.

38.     To the extent, if at all, these payments were "bonuses", or otherwise compensation to them for their services as employees of the debtor, the payments were on account of an antecedent debt owed by the debtor before such transfer was made and at a time when the debtor was insolvent.

COMPLAINT FOR FRAUDULENT TRANSFER, PREFERENCES, SHAREHOLDER LOANS

39.    Said payments caused Macmillan and Martin to receive more from the debtor than they would have received had they filed a claim in the within bankruptcy and had receive payment of a creditor dividend according to applicable provisions of the Bankruptcy Code.

40.    Said payments were not a contemporaneous exchange of value or made in the ordinary course of business. Macmillan and Martin did not provide "new value" thereafter other than continuing to serve as employees of the debtor for which they received salaries in the ordinary course.

41.    The Trustee is entitled to obtain avoid these transfers and a judgment against Macmillan and Martin on account of them in an amount according to proof.

## IX.    **PRAYER**

WHEREFORE, Plaintiff Trustee prays for judgment as follows:

**FIRST, SECOND, AND THIRD CLAIMS FOR RELIEF:**

For a judgment against defendants Macmillan and Martin which avoids the transfer payments and is a money judgment against them in an amount according to proof but in the minimum sum of $200,000.

**FOURTH CLAIM FOR RELIEF:**

For a judgment against Macmillan and Martin on account of the shareholder loans in an amount according to proof but in the minimum sum of $200,000.

**FIFTH CLAIM FOR RELIEF:**

For a judgment against Macmillan and Martin on account of the money wrongfully had and received in an amount according to proof but in the minimum sum of $200,000.

**SIXTH CLAIM FOR RELIEF:**

For a judgment against defendants Macmillan and Martin which avoids these transfer payments and is a money judgment against them in an amount according to proof but in the minimum sum of $200,000.

**ALL CLAIMS FOR RELIEF:**

1.    For prejudgment interest;

2.    For costs of suit; and

**COMPLAINT FOR FRAUDULENT TRANSFER, PREFERENCES, SHAREHOLDER LOANS**

3.    For such other relief as the Court deems just and proper.

Dated: June 30, 2020                          DUMAS & KIM, APC

By:___James A. Dumas_____
James A. Dumas,
Attorneys for Plaintiff and Chapter 7 Trustee,
Rosendo Gonzalez

**COMPLAINT FOR FRAUDULENT TRANSFER, PREFERENCES, SHAREHOLDER LOANS**